**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Linda Weil, | Case No.: 2:21-cv-01631-JAD-EJY |
| Plaintiff | |
| v. | **Order Granting Motion to Withdraw Admissions, Denying Motions for Summary Judgment, and Denying Motion for Fees and Costs** |
| Walmart Inc., | |
| Defendant | [ECF Nos. 13, 22, 23, 34] |

In this slip-and-fall lawsuit, plaintiff Linda Weil moves for summary judgment, relying on defendant Walmart Inc.'s failure to timely respond to requests for admission that effectively admit liability. Walmart responds with a motion to withdraw the now-deemed admissions, a second motion seeking fees and costs for what it claims is Weil's bad-faith attempt to win on a technicality, and a third motion for summary judgment in its favor. Because doing so will promote presentation of the case on its merits and result in no legal prejudice to Weil—the two mandatory considerations under the rule that deals with deemed admissions—and because Walmart shows good cause for its delayed responses, I grant Walmart's motion to withdraw the admissions and thus deny Weil's motion for summary judgment based on those admissions. I also deny Walmart's other motions because it has not shown that Weil brought her motion in bad faith and because its summary-judgment motion is not supportable by Nevada law.

**Background**

Weil alleges that she slipped in the produce aisle of a Walmart store and suffered injuries.[1] Though Weil testified that she did not know what she was slipping on as she fell,[2]

---

[1] ECF No. 34-1.

[2] ECF No. 34-2 at 38.

photographs taken shortly after the fall show Weil lying next to what appears to be a smashed, wet, green grape,[3] and another customer at the store that day testified that she saw a "smashed grape" on the floor near Weil.[4]  Though nobody can say how long the grape had been there prior to Weil's fall,[5] employees of Walmart at the time of the fall testified that they regularly saw produce on the ground of the produce section and that they were tasked with regularly monitoring the store and keeping it clean.[6]

Weil timely served written discovery requests, including requests for admission, on Walmart on October 7, 2021.[7]  Around that time, Walmart's counsel's office faced an increasing COVID count, which prompted Walmart's counsel to reassign this case to another attorney, change how it processed mail, and have some employees work from home.[8]  These circumstances contributed to counsel's failure to notice the mailed requests until January 7, 2022.[9]  Walmart's counsel served late responses on January 14, 2022.[10]  Both parties' counsel conferred about Walmart's tardiness, and Weil's counsel refused to accept the late

---

[3] ECF No. 42-6.

[4] ECF No. 34-3 at 15–16.

[5] ECF No. 34-2 at 38; ECF No. 34-3 at 16.

[6] ECF No. 42-4 at 28–29, 31; ECF No. 42-8 at 23–25; ECF No. 42-9 at 45–47.

[7] ECF No. 14-1 at 1–5.  Walmart theorizes that these requests may have been served improperly initially and only later properly.  ECF No. 21 at 6–7.  But Walmart previously indicated that it did not object to the initial service.  ECF No. 16-4.  Regardless, Walmart proceeds on the assumption that its responses were untimely, and so do I.  ECF No. 40.

[8] ECF No. 21-2 at ¶ 7; ECF No. 21-3 at ¶ 36.

[9] ECF No. 21-2 at ¶ 7.  Weil contends that Walmart must have known about the requests earlier than January 2022 because a November 2021 joint stipulation states that Weil served discovery requests.  ECF No. 30 at 8–9; ECF No. 12 at 2.  But I accept Walmart's counsel's sworn representation that it did not notice the requests until early January.

[10] ECF No. 21-8.

responses or stipulate to a retroactive extension of the deadline.[11]  Walmart claims that counsel

for both parties scheduled a meet and confer to discuss the issue but that Weil's counsel

backtracked and filed Weil's motion for summary judgment days before the planned meeting.[12]

**Discussion**

**I.    The court denies Weil's summary-judgment motion because it grants Walmart's motion to withdraw the admissions on which Weil's summary-judgment argument is based.**

Weil moves for summary judgment, contending that Walmart's failure to timely respond

to her requests for admission renders the matters addressed in those requests admitted and that

those admissions concede the crucial elements of Weil's negligence claim.[13]  In response,

Walmart moves to withdraw the admissions.[14]  Federal Rule of Civil Procedure 36 provides that

matters addressed in requests for admission are admitted and "conclusively established" unless

the responding party serves an answer or objection within 30 days or "the court, on motion,

permits the admission to be withdrawn or amended."[15]  A party may be permitted to withdraw its

admissions only if (1) withdrawal "would promote the presentation of the merits of the action"

and (2) "the party who obtained the admission fails to satisfy the court that withdrawal . . . will

prejudice that party in maintaining or defending the action on the merits."[16]  The district court

must consider these two prongs—presentation of the merits and prejudice—and should do so in

---

[11] ECF No. 16-3.

[12] ECF No. 23-9.

[13] ECF No. 13 at 11–13.

[14] ECF No. 23.

[15] Fed. R. Civ. P. 36(a)(3), (b).

[16] *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007); *see* Fed. R. Civ. P. 36.

view of the two goals that the rule serves: truth-seeking and efficiency.[17]  The merits prong is satisfied if "upholding the admissions would practically eliminate any presentation of the merits of the case."[18]  And a party opposing withdrawal may show prejudice by demonstrating "the unavailability of key witnesses" or "the sudden need to obtain evidence with respect to questions previously admitted."[19]  The fact that "the party who obtained the admission will now have to convince the factfinder of its truth" does not suffice.[20]  The focus is on the prejudice that the "party would suffer at trial[,]" and prejudice is more likely when the motion to withdraw comes during trial.[21]  Even if both prongs are satisfied, whether to permit withdrawal is "permissive, not mandatory" and rests within a district court's discretion.[22]  In exercising that discretion, the court "may consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits."[23]

The Ninth Circuit cases of *Conlon v. United States* and *Hadley v. United States* illustrate the application of these principles.  The magistrate judge denied Conlon's motion to withdraw deemed admissions in a Federal Tort Claims Act case, reasoning that the government twice advised Conlon of the consequences of his delay and that withdrawal of the admissions would severely prejudice the defendants because the government's summary-judgment motion was pending and trial started in eight days.[24]  Conlon also failed to seek an extension, sought relief

---

[17] *Conlon*, 474 F.3d at 621.

[18] *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)).

[19] *Id.*

[20] *Id.* (cleaned up).

[21] *Hadley*, 45 F.3d at 1348.

[22] *Conlon,* 474 F.3d at 621.

[23] *Id.*

[24] *Id.* at 620–21.

only after the government moved for summary judgment, and failed to cite a medical or other emergency to explain his delay.[25]   The district court then granted the government's summary-judgment motion based on those admissions.[26]

The Ninth Circuit affirmed.[27]   It first explained that the issue of prejudice was a "close question," because relying on a deemed admission for a summary-judgment motion "does not constitute prejudice" and it was "reluctant to conclude that a lack of discovery" prejudiced the government because the district court could have reopened discovery and because "prejudice must relate to the difficulty a party may face in proving its case at trial."[28]   Still, the panel held that the magistrate judge did not clearly err in finding that the government would face prejudice: "the government relied on the admissions for [] two and a half months, through discovery and dispositive[-]motion" deadlines "with no indication that Conlon" would seek to withdraw his admissions;[29] and "the government relied heavily on the admissions, which essentially conceded the case" and so "conducted none of the discovery it otherwise needed to prove its case at trial," which was just eight days away.[30]   Even if the government faced no prejudice, the panel held, the district court did not abuse its discretion in denying Conlon's motion for lack of good cause.[31] Conlon faced no medical issue or other emergency, the requests were served "well within the

---

[25] *Id.*

[26] *Id.* at 621.

[27] *Id.* at 618.

[28] *Id.* at 624.

[29] *Id.*

[30] *Id.*

[31] *Id.*

1   allotted discovery period," and Conlon "had fair warning of the consequences of his

2   noncompliance."[32]  So the panel upheld the denial of Conlon's motion to withdraw.[33]

3          By contrast, in *Hadley v. United States*, the Ninth Circuit panel held that the district court

4   abused its discretion in denying a motion to withdraw in a tax case.  The panel found that the

5   merits prong was easily satisfied because "withdrawal of the admissions would . . . facilitate a

6   presentation of the merits of Hadley's case."[34]  And the panel "fail[ed] to see how the

7   government's case would have been prejudiced by a withdrawal."[35]  The government would have

8   faced mere inconvenience by foregoing additional discovery it would have pursued if the

9   responses were timely, and the government had other evidence it could have used—but chose not

10  to use—to corroborate the admissions.[36]

11

12  **A.      Permitting Walmart to withdraw the admissions will promote presentation
            of this case on its merits without prejudicing the plaintiff.**

13         Applying these lessons here, I find that both prongs of Rule 36's test are satisfied.  Weil

14  concedes that withdrawal would promote presentation of the merits[37]—indeed, the admissions go

15  to the heart of Weil's claim for negligence.[38]  And Weil fails to satisfy her burden of showing

16  that she would face the kind of prejudice required under Rule 36.  Weil's chief complaint is that

17

18  _____

    [32] *Id.* at 624–25.

19  [33] *Id.* at 625.

20  [34] *Hadley*, 45 F.3d at 1348.

    [35] *Id.* at 1349.

21  [36] *Id.*

22  [37] ECF No. 30 at 14.

23  [38] *See* ECF No. 14-1 (requesting admissions that, for example, Weil suffered injuries, Walmart
    knew the grape was on the floor, Walmart had no skid mats, and Walmart did not remove the
    grape).

she "relied on the deemed admissions for nearly four [] months during the discovery period" and chose "not to pursue certain depositions and discovery."[39]  But Weil does not identify what other depositions or discovery she would have pursued without the admissions and instead merely recites that there are "key witnesses" that she may have deposed and that "experts will now be forced" to render opinions "without deposition testimony and discovery."[40]  The *Conlon* panel all but rejected the proposition that a lack of discovery alone constitutes prejudice, especially if a court can reopen discovery,[41] and Walmart moved to withdraw the admissions before the (now-expired) May 30, 2022, discovery deadline.[42]  And, as the *Conlon* court held, reliance on admissions in moving for summary judgment does not constitute prejudice.[43]  Weil's other contentions that she is 68 years old and that she couldn't take depositions for some time because the COVID count in Walmart's counsel's office was high[44] don't support a prejudice finding here either.

Compared to the *Conlon* circumstances, which presented a "close question" on the prejudice prong, these facts fall fatally short.[45]  Like the government in *Conlon*, Weil arguably

---

[39] ECF No. 30 at 14–15.

[40] ECF No. 13 at 9.

[41] *Conlon*, 474 F.3d at 624 (reasoning that, "[a]lthough the United States relied on the deemed admissions in choosing not to engage in any other discovery, we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice") (internal citation omitted).

[42] ECF No. 33.  *Cf. Saroyan Lumber Co. v. El & El Wood Prod. Corp.*, 126 F. App'x 371, 372 (9th Cir. 2005) (unpublished) (finding that the lower court did not abuse its discretion in upholding admissions because "Saroyan did not seek to withdraw the deemed admissions until the discovery cut-off had passed and defendants were unable to conduct discovery on the facts deemed admitted.").

[43] *Conlon*, 474 F.3d at 624.

[44] ECF No. 30 at 14.

[45] *See Conlon*, 474 F.3d at 624.

relied on the admissions for two to three months (but not seven[46]), the admissions "essentially concede[] the [] case,"[47] and Walmart failed to seek relief from this court until after Weil moved for summary judgment.  But that's where the similarities with *Conlon* end.  Contrary to Weil's contention that Walmart "gave no indication throughout [the discovery] period that it would seek permission to withdraw the[] admissions,"[48] Walmart served (late) responses, asked Weil to stipulate to a retroactive extension, and sought to confer with Weil ahead of involving this court—all signaling that it did not plan to stand by the admissions.  Weil also did not rely on the admissions "through the discovery and dispositive[-]motion" deadlines, as these deadlines fell after Walmart moved to withdraw.[49]  And the parties are not days away from trial; no trial date has yet been set.[50]  So I find that Weil has not met her burden to show that she would suffer prejudice at trial if the admissions are withdrawn.

---

[46] *See Sheppard v. Cnty. of Los Angeles*, 785 F. App'x 422, 423 (9th Cir. 2019) (unpublished) (affirming the denial of motion to withdraw admissions because the opposing party relied on the admissions for seven months and "would have been prejudiced at trial by having forgone discovery on the admitted matters").

[47] *Conlon*, 474 F.3d at 624.

[48] ECF No. 30 at 14.

[49] ECF No. 12 at 3.  *See Conlon*, 474 F.3d at 624; *see also S.E.C. v. Glob. Express Cap. Real Est. Inv. Fund, I, LLC*, 289 F. App'x 183, 191 (9th Cir. 2008) (unpublished) (holding that the SEC could show prejudice because the opposing party filed her motion for withdrawal months after the SEC moved for summary judgment, after written discovery had closed, and near the time all discovery closed).

[50] ECF No. 41; *see also 999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985) (affirming denial of a request to withdraw because the party did not move for withdrawal "until the middle of the trial when [the opposing party] had nearly rested its case"; the opposing party "heavily relied on the admission"; and "it had been shown to the jury" without objection).  Nor did Weil "ignore[] repeated reminders of the request[s]."  *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (unpublished).

### B.     Walmart has shown good cause for its delay.

Walmart also can show good cause for its delay.  Unlike the party with tardy responses in *Conlon*, Walmart faced a difficult pandemic-related situation that contributed to its delay. Walmart explains that the requests were inadvertently misplaced because the high COVID case count at its counsel's office resulted in some of its employees working from home, along with changes to mail procedures and staffing that affected the handling of this case.[51]  And once the error was discovered, Walmart's counsel acted diligently to correct it.  So I find that Walmart's counsel has shown good cause for the delay in seeking withdrawal, justifying an exercise of my discretion.

The cases that Weil relies on to support its argument to the contrary fail to persuade me otherwise.  In *Lewis v. Caesars Entertainment Corp.*, for example, the party seeking withdrawal failed to show that doing so would promote the presentation of the merits and had an illogical and unreasonable explanation for the delay.[52]  In the other cases that Weil cites, the parties seeking withdrawal caused multiple delays and flouted multiple deadlines,[53] did not show that withdrawing the admissions would promote the presentation of the merits,[54] or did not persuade the judge of its stated reason for the delay.[55]  So I grant Walmart's motion to withdraw its

---

[51] ECF No. 23 at 8.

[52] *Lewis v. Caesars Ent. Corp.*, 2018 WL 2741041, at *3 (D. Nev. June 7, 2018).

[53] *Hall v. Mt Terrace Aoao*, 2017 U.S. Dist. LEXIS 184360, at *7 (D. Haw. July 12, 2017).

[54] *LHF Prods., Inc. v. Koehly*, 2017 WL 4767673, at *6 (D. Nev. Oct. 20, 2017).

[55] *Morgan v. Bash*, 2020 WL 6582351, at *3 (D. Nev. Nov. 10, 2020).

1    deemed admissions.  Because I do so, and because Weil's motion for summary judgment is

2    based entirely on the deemed admissions,[56] I deny that motion.[57]

3    **II.**      **Walmart shows no bad faith to support its fees-and-costs motion.**

4          Walmart requests that I grant it attorneys' fees and costs under the court's inherent

5    powers, arguing that Weil's summary-judgment motion was brought in bad faith.[58]  It cites *Leon*

6    *v. IDX Systems Corp.* for the proposition that the court may grant such an award if a party or

7    counsel acts "in bad faith, vexatiously, wantonly[,] or for oppressive reasons."[59]  That case

8    involved a party who spoliated evidence and has little relevance here.[60]  Still, Walmart contends

9    that Weil or her counsel acted in bad faith because (1) Walmart's counsel regularly granted

10    extensions to Weil's counsel, whereas Weil's counsel did not reciprocate that courtesy; (2)

11    Weil's counsel filed the motion without attempting to meet and confer and ahead of a planned

12    conference to discuss the issue; and (3) Weil's counsel is attempting to "win on [a] technicality"

13    and is "steal[ing]" the court's time with an "ill-timed and unsupported [m]otion."[61]  Walmart

14    also contends that not granting its motion will encourage other plaintiffs' attorneys to resort to

15    similar behavior.[62]

16

17

18

---

19    [56] ECF No. 13 at 11–13.

[57] Because I deny Weil's motion on this basis, I need not address Walmart's alternative argument that, even considering the deemed admissions, summary judgment for Weil is not warranted.
20    ECF No. 21 at 12–19.

21    [58] ECF No. 22 at 24.

[59] *Id.* (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (quotation omitted)).
22    [60] *Leon*, 464 F.3d at 961.

23    [61] ECF No. 22 at 24.

[62] *Id.*

I find that the record does not support all of Walmart's assertions and does not demonstrate the kind of bad faith that justifies a fees-and-costs award under the court's inherent power.  For starters, Weil puts forth evidence that she has cooperated with Walmart,[63] and the docket reflects multiple stipulations that the parties have mutually agreed to.[64]  And it is unclear how Weil could have resolved this issue with Walmart other than to accede to its requested extension—something Weil had no obligation to do.  Though it is preferable for parties to resolve discovery disputes themselves before involving the court, the record shows that the parties corresponded about this issue and were likely at an impasse.[65]

Walmart also ignores that relying on deemed admissions to support a motion for summary judgment does not flout any rule and is commonplace in civil litigation.[66]  To the extent that Walmart impugns this practice as some type of gotcha strategy, it's authorized by Rule 36.  As I explained in *Lewis*, "[e]very civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case."[67]  Luckily for Walmart, Rule 36 also has an escape hatch.  Though Weil's counsel's filing of the summary-judgment motion ahead of a planned meet-and-confer to discuss the issue is perhaps poor form, it's not the kind of bad faith that would justify discovery sanctions.

---

[63] *See, e.g.*, ECF No. 29-1.

[64] *See, e.g.*, ECF No. 11; ECF No. 32; ECF No. 39.

[65] ECF No. 16-3.

[66] *See Conlon*, 474 F.3d at 618 (affirming grant of summary-judgment motion that relied on deemed admissions).

[67] *Lewis*, 2018 WL 2741041 at *3.

**III.   Walmart's summary-judgment motion is not supported by the record or Nevada law.**

Walmart also brings its own motion for summary judgment on Weil's sole claim for negligence.[68]  Walmart contends that Weil's and the bystander-customer's deposition testimony demonstrates a lack of evidence that Weil slipped on the grape because neither can definitively say what Weil slipped on.[69]  But a reasonable jury could infer that the grape was the likely culprit based on the circumstantial evidence that Weil presents:[70] testimony and photographic evidence that there was a smashed, wet grape right next to Weil after she slipped.[71]

Walmart also contends that Weil's and the bystander-customer's testimony cannot establish that Walmart caused or had notice of the grape.[72]  This is true—their testimony doesn't establish notice.  But this argument ignores the deposition testimony of Walmart's employees that they regularly saw produce on the store's floor and were tasked with monitoring the store for such hazards[73] and the Nevada Supreme Court's seminal smashed-grape slip-and-fall decision in *Sprague v. Lucky Stores, Inc.*[74]  Like here, a customer "slipped and fell in the produce section" of a grocery store and "sustain[ed] serious personal injuries";[75] a smashed grape was found next to the customer;[76] employees frequently found stray produce on the Lucky's store floor due to

---

[68] ECF No. 34 at 11–12.

[69] *Id.* at 11.

[70] *Allison v. Merck & Co.*, 878 P.2d 948, 953 n.5 (Nev. 1994); *Frantz v. Johnson*, 999 P.2d 351, 359 (Nev. 2000).

[71] ECF No. 42-6; ECF No. 34-3 at 15–16.

[72] ECF No. 34 at 11.

[73] *See* ECF No. 42-4 at 28–29, 31; ECF No. 42-8 at 23–25; ECF No. 42-9 at 45–47.

[74] *Sprague v. Lucky Stores, Inc.*, 849 P.2d 320 (Nev. 1993).

[75] *Id.* at 322.

[76] *Id.*

12

customers digging through produce;[77] and employees were advised to search for fallen produce and clean often.[78]  On that evidence, the *Sprague* court reversed the lower court's grant of summary judgment, concluding that a reasonable jury could find that the "virtually continual debris on the produce department floor put [the grocer] on constructive notice that, at any time, a hazardous condition might exist" that could injure customers.[79]  Walmart makes no effort to—and cannot—meaningfully distinguish *Sprague*, and I find that genuine issues of fact preclude judgment in Walmart's favor as a matter of law, so I deny its motion for summary judgment.

### Conclusion

IT IS THEREFORE ORDERED that Weil's motion for partial summary judgment **[ECF No. 13] is DENIED.**

IT IS FURTHER ORDERED that Walmart's motion for fees and costs **[ECF No. 22] is DENIED.**

IT IS FURTHER ORDERED that Walmart's motion to withdraw deemed admissions that were the subject of Weil's October 7, 2021, requests for admission **[ECF No. 23] is GRANTED**.  Walmart's January 14, 2022, responses are deemed the operable responses to those requests.  Should the plaintiff believe that additional discovery is necessitated in light of this order, plaintiff must file a motion to reopen discovery (with the magistrate judge) by December 16, 2022.

---

[77] *Id.*

[78] *Id.*

[79] *Id.* at 323.  Although federal procedural law applies here, Nevada's summary-judgment standard mirrors the federal standard.  *Compare* Nev. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."), *with* Fed. R. Civ. P. 56 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

1          IT IS FURTHER ORDERED that Walmart's motion for summary judgment **[ECF No.**

2 **34] is DENIED**.

3          The parties must file their proposed joint pretrial order by January 31, 2023, unless this

4 date is stayed or extended by the undersigned or the magistrate judge by further order.

5

6

7 _____
  U.S. District Judge Jennifer A. Dorsey
  December 5, 2022

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23